IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARRELL WAYNE WISE                                                  PLAINTIFF

v.                      Civil No. 05-2132

MICHAEL OGLESBY;
LARRY CLARK; WAYNE
THOMPSON; and BILLY RYAN                             DEFENDANTS

## **ORDER**

On June 1, 2007, the plaintiff filed a motion for jury trial (Doc. 56). This case was filed on August 30, 2005. The defendants filed their answers on February 17, 2006 (Doc. 12) and February 23, 2006 (Doc. 14).

In his motion for jury trial, plaintiff states he did not previously request a jury trial until he asked for one in a motion for appointment of counsel (Doc. 48). The motion for appointment of counsel was filed on March 28, 2007. Plaintiff asks the court to allow him to have a jury trial.

Rule 38 of the Federal Rules of Civil Procedure states that "[t]he right of trial by jury as declared by the Seventh Amendment of the Constitutional or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). However, the right to jury trial is not automatic. A party must make a timely demand for a jury trial.

With respect to demands, Rule 38(b) provides as follows:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed. R. Civ. P. 38(b).  The failure to serve the demand in the time specified by Rule 38 constitutes a waiver of the right to a jury trial.  Fed. R. Civ. P. 38(d).

Rule 7(a) defines pleadings to include the complaint, the answer, and when applicable, any third-party complaints, answers, and answers to cross-claims.  Fed. R. Civ. P. 7(a). Typically, the "last pleading directed to such issue" is the answer.  *See e.g., Pacific Fisheries Corp. v. HIH Cas. & General Ins.*, 239 F.3d 1000, 1002 (9th Cir. 2001).  *See also Washington v. New York City Board of Estimate*, 709 F.2d 792, 797-98 (2d Cir. 1983)(requirements of Rule 38 apply with the same force to a pro se litigant as they do to counsel).

Plaintiff's requests for a jury trial were contained in his motion for appointment of counsel filed on March 28, 2007, and in his current motion for jury trial. The motion for jury trial (Doc. 56) is denied as untimely.

IT IS SO ORDERED this 13th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)